CORRECTED

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 22-265V

| | |
|---|---|
| DEBORAH DEFOSSES,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: April 16, 2025 |

*David John Carney*, Green & Schafle LLC, Philadelphia, PA, for Petitioner.

*James Vincent Lopez*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON DAMAGES**[1]

On March 9, 2022, Deborah Defosses filed a Petition under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"); *see* Section 11(c)(1)(D)(i). Petitioner alleged that she suffered a left shoulder injury related to vaccine administration ("SIRVA") following her receipt of a tetanus-diphtheria-acellular pertussis ("Tdap") vaccine on March 12, 2019. Petition (ECF No. 1); *see also* Amended Petition filed June 9, 2022 (ECF No. 6) (adding citations to the evidence). The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On January 28, 2025, a Ruling on Entitlement was issued, finding Petitioner entitled to compensation for a SIRVA. On April 9, 2025, Respondent filed a Proffer on award of compensation ("Proffer"). Respondent represented that Petitioner agrees with the proffered award. *Id.* at 2. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached proffer, I award the following compensation:

**A. A lump sum of $60,000.00 (for pain and suffering) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.**

**B. A lump sum payment of $1,268.94, representing compensation for satisfaction of the State of Rhode Island Medicaid lien, in the form of a check payable to Petitioner and:**

**Optum
P.O. Box 182643
Columbus, OH 43218-2643**

**Petitioner agrees to endorse the check to Optum for satisfaction of the Medicaid lien.**

Proffer at 2 – 3. These amounts represent compensation for all damages that would be available under Section 15(a). *Id.*

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| DEBORAH DEFOSSES, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> SECRETARY OF HEALTH AND ) <br> HUMAN SERVICES, ) <br> ) <br> Respondent. ) <br> ) | No. 22-265V <br> Chief Special Master Brian H. Corcoran <br> ECF |

### RESPONDENT'S PROFFER OF DAMAGES

On June 9, 2022, Deborah DeFosses ("petitioner") filed an Amended Petition for compensation under the National Childhood Vaccine Injury Act of 1986, as amended ("the Vaccine Act" or "the Act"), 42 U.S.C. §§ 300aa -1 to - 34, alleging that she suffered a Shoulder Injury Related to Vaccine Administration as a result of a tetanus, diphtheria, and acellular pertussis ("Tdap") vaccine she received on March 12, 2019. Amended Petition at 1. In the alternative, petitioner alleged a causation-in-fact left shoulder injury from the Tdap vaccine. *Id.* at 9.

On February 29, 2024, respondent filed his Vaccine Rule 4(c) report setting forth his position that this case was not appropriate for compensation. ECF No. 32. On January 28, 2025, the Chief Special Master issued a Ruling on Entitlement, finding that petitioner was entitled to vaccine compensation. ECF No. 40.[1]

---

[1] The parties have no objection to the amount of the proffered award of damages. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(f), to seek review of the Special Master's January 28, 2025 Ruling on Entitlement, finding petitioner entitled to an award under the Vaccine Act. This right accrues following the issuance of the damages decision.

I.  **Items of Compensation**

    A.  Pain and Suffering

Respondent proffers that petitioner should be awarded $60,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

    B.  Medicaid Lien

Respondent proffers that petitioner should be awarded funds to satisfy the State of Rhode Island Medicaid lien in the amount of $1,268.94, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Rhode Island may have against any individual as a result of any Medicaid payments the State of Rhode Island has made to or on behalf of petitioner from the date of her eligibility for benefits through the date of judgment in this case as a result of her alleged vaccine-related injury suffered on or about March 12, 2019 under Title XIX of the Social Security Act.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

II.  **Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. The parties recommend that compensation provided to petitioner should be made through two lump sum payments described below, and request that the Chief Special Master's decision and the Court's judgment award the following: [2]

    A.  A lump sum payment of **$60,000.00**, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner; and

    B.  A lump sum payment of **$1,268.94**, representing compensation for satisfaction of

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

2

the State of Rhode Island Medicaid lien, in the form of a check payable jointly to petitioner and:

Optum
P.O. Box 182643
Columbus, OH 43218-2643

Petitioner agrees to endorse the check to Optum for satisfaction of the Medicaid lien.

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

JULIA M. COLLISON
Assistant Director
Torts Branch, Civil Division

s/ *James V. Lopez*
James V. Lopez
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Ben Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-3655
Fax: (202) 616-4310
Email: james.lopez@usdoj.gov

Date:  April 9, 2025

3